**State of Israel**
Ministry of Justice
Office of the State Attorney
Department of International Affairs



מדינת ישראל
משרד המשפטים
פרקליטות המדינה
המחלקה הבינלאומית

May 4, 2021

Ms. Kathryn Holloman
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
U.S. Department of Justice
Washington, DC 20530
<u>U.S.A.</u>

<u>By E-Mail: kathryn.holloman@usdoj.gov</u>

<u>Re</u>: <u>**Transfer of Sentenced Person – Gidon Abramov, Reg. No. 63359-053**</u>

(Our Ref: 20/18/22)

Dear Ms. Holloman,

The Ministry of Justice of the State of Israel presents its compliments to the Competent Authorities of the United States.

We acknowledge receipt of your letter regarding **Mr. Gidon Abramov**, Reg. No. 63359-053, Israeli I.D. 016884306 D.O.B June 26, 1967 (hereinafter: "**the prisoner**") an Israeli national currently imprisoned in the United States requesting to be transferred to Israel for the purpose of serving the remainder of his sentence here.

According to Israel's internal Law *(Transfer of a Prisoner to his Country of Nationality Law, 5757-1996)*, both the Minister of Justice and the Minister of Internal Security must consent, in the name of the Government of Israel, to the transfer of a prisoner. We are pleased to inform you that both ministers have given their approval, and as such the State of Israel officially consents to the transfer of the prisoner from the United States to Israel in order to serve the remainder of his sentence.

Furthermore, Israel would like to provide the U.S. authorities with the following information in accordance with Article 6.1 of the Convention:

---

7 Mahal St. Ma'alot Dafna P.O. Box 49123  Jerusalem 9776316  רח׳ מח״יל 7 מעלות דפנה ת.ד 49123 ירושלים
Fax: 02-6467044 : פקס   Tel: 073-3928261/2 : טלפון

- <u>Citizenship</u>: The prisoner is a citizen of Israel in accordance with Article 2(b)(2) of Israel's Citizenship Law.

- <u>Dual Criminality</u>: The State of Israel believes that the prisoner's activities, for which he was convicted in the United States, constitute offences in accordance with sections 402, 427, 428, 369, 448 and 242 of Israel's Penal Law, 5737-1977:

### 402. Robbery

*(a) If a person steals a thing and, while he does so or immediately before or immediately thereafter, performs or threatens to perform an act of violence against a person or an asset in order to obtain the stolen thing or to retain it or to prevent or overcome resistance to its being stolen, then that constitutes robbery and the robber is liable to fourteen years imprisonment.*

*(b) If the robber is armed with a weapon or with a dangerous or offensive object, or is one of a group or if – during, immediately before or immediately after the robbery – he wounds, strikes or otherwise uses personal violence against a person, then he is liable to twenty years imprisonment.*

### 427. Blackmail with use of force

*(a) If a person unlawfully uses force to induce a person to do something or to refrain from doing anything which he is entitled to do, then he is liable to seven years imprisonment; if the use of force resulted in the performance or omission of the act – then he is liable to nine years imprisonment.*

*(b) For purposes of this section, if a person administers drugs or intoxicating liquors, then he shall be treated like a person who uses force.*

### 428. Blackmail by threats

*If a person threatens anybody in writing, verbally or by his conduct with unlawful injury to his or some other person's body, freedom, property, livelihood, reputation or privacy or if a person threatens to make public or to refrain from making public anything that relates to him or to another person, or if he terrorizes a person in any manner, all in order to induce that person to do something or to refrain from doing anything which he is entitled to do, then he is liable to seven years imprisonment; if the act was performed or omitted because of or during the said threat or terrorization, then he shall be liable to nine years imprisonment.*

**369. Abduction**

*If a person compels another by force or threats, or if he entices him by deceitful means to leave the place where he is, then that constitutes abduction and he is liable to ten years imprisonment.*

**448. Arson**

*(a) If a person maliciously sets fire to anything that is not his, then he is liable to fifteen years imprisonment; if he does so in order to damage an asset of the State, an asset used by the public, a nature site, the flora, or in order to endanger people who live nearby, or in order to injure people, then he is liable to twenty years imprisonment.*

**242. Destroying Evidence**

*If a person knows that a book, document or other object is required, or that it is likely to be required as evidence in a judicial proceeding, and if he maliciously destroys it or renders it illegible, undecipherable or incapable of identification, all with the intention to prevent it from being used in evidence, then he is liable to five years imprisonment.*

Furthermore, the State of Israel believes that the prisoner's activities after June 2003, for which he was convicted in the United States, constitute offences in accordance with sections 2 and 3 of Israel's Combating Criminal Organizations Law, 5763-2003:

**2. Activist in a Criminal Organization**

*(a) A person who heads a criminal organization or a person who does one of the following acts in a manner that could promote the criminal activity of a criminal organization shall be liable to imprisonment for 10 years:*

*(1) he directly or indirectly manages, organizes, directs or supervises activities in a criminal organization;*

*(2) he directly or indirectly finances activities of a criminal organization or receives financing for the purpose of operating the organization or decides with respect to the distribution of monies in a criminal organization.*

*(b) A person providing a consulting service to a criminal organization with the object of promoting the criminal activities of the criminal organization shall be liable to imprisonment for ten years.*

(c) *Where an offense as stated in subsections (a) and (b) has been committed with respect to a criminal organization whose activities also include an offense for which the penalty prescribed exceeds imprisonment for 20 years, the person committing such an offense shall be liable to imprisonment for 20 years.*

### 3. Offense within the framework of a criminal organization – aggravating circumstance

*A person committing an offense within the framework of activities of a criminal organization, not being an offense under this Law or an offense for which the penalty prescribed is mandatory life imprisonment, shall be liable to twice the penalty prescribed for such offense, but no more than imprisonment for twenty five years.*

- <u>Sentence Enforcement</u>: Israel has declared that it will adopt the principle of "continued enforcement" in accordance with Article 10 of the European Convention on the Transfer of Sentenced Persons to which both Israel and the United States are signatories. Hence, the sentence imposed upon the prisoner will be enforced in Israel, with the following provisions:

a. Israeli parole regulations specify that a prisoner may be entitled, after serving two thirds of his sentence, to be in status of a "licensed prisoner", which grants him conditional release from prison. In order to receive a license, the parole board must believe that the prisoner's conditional release would facilitate his rehabilitation and that he presents no danger to the public. Moreover, the parole board takes into consideration the prisoner's good behavior when evaluating each case. It is important to note that heavy restrictions will be levied on licensed prisoners and they will be under strict supervision during their licensed period even after their release, until the completion of the full original period. In a case of a breach of one of the license conditions, the Israeli Prison Authorities might consider to revoke the prisoner's license and send him back to prison.

In addition, in extreme cases of sickness and when the prisoner is on his death bed the parole board has the discretion to release him.

b.  Please note that an additional administrative reduction of the sentence might be applied if the prisoner would receive an early release. According to the Prison Ordinance - 1971, this "additional administrative reduction" given by the Prison Services, has been calculated in accordance with a chart appended to the law. This reduction only applies to prisoners whose sentences are 4 years or less or in the case of a prisoner who carries a longer sentence than 4 years and receives an early release under parole.

c.  Furthermore, it shall be noted that, in accordance with the Israeli law, every prisoner has a right to file a petition for pardon with the President of the State of Israel. Only in rare circumstances are these pardons actually granted.

As mentioned above, the State of Israel officially consents to the transfer of Mr. Gidon Abramov from the United States to Israel in order to serve the remainder of his sentence. It is our understanding that the surrender will take place following the Consent Verification Hearing. We would appreciate if you could furnish us with contact information as soon as possible for the coordination of the surrender.

Should you have any questions, please do not hesitate to contact me at +972-73-3923484, or e-mail: davidla@justice.gov.il.

Kind Regards,

David Landau

Assistant, Department of International Affairs

State Attorney's Office



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

_Office of International Affairs_                    _Washington, D.C.  20530_

MAR 2 5 2020

Yuval Kaplinsky, Director
Department of International Affairs
7 Mahal Street, Maalot Dafna
P.O. Box 49123
Jerusalem, Israel 97765

Re:    Gidon Abramov, Reg. No. 63359-053
       Approval of Request to Transfer to Israel
       Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Kaplinsky:

On February 27, 2020, the United States approved the request of the above-referenced prisoner to transfer to Israel to serve his prison sentence. The prisoner is currently incarcerated at the Fort Dix Federal Correctional Institution, Fort Dix, New Jersey. The sentence is final at the present time since there are no appeals or post-judgment collateral proceedings pending. Enclosed for your consideration are the following documents:

1.    Transfer inquiry form;

2.    Copy of birth certificate and/or passport;

3.    Copy of the certified judgment;

4.    Copy of the indictment;

5.    Certified copy of the applicable laws;

6.    Information concerning administration of the sentence;

7.    Case summary and addendum; and

8.    Fingerprints and photograph (not available).

Record TG 3/13/20        CCH 3/17/20        Paw 3/22/20

If Israel decides to approve the prisoner's transfer, please provide the following:

1.  A document or statement confirming that Israel approves or consents to the transfer;

2.  A document or statement confirming that the prisoner is a national of Israel for the purposes of the Convention;

3.  A copy of the relevant law which makes the offense for which the prisoner is in custody in the United States a criminal offense in Israel;

4.  A statement as to whether the "continued enforcement" procedure or the "conversion of sentence" procedure would be applied; and

5.  A statement indicating the nature and duration of the sentence which the prisoner will serve if he is transferred. Please include information about arrangements for remission and conditional release.

Sincerely,

Paula A. Wolff, Associate Director
International Prisoner Transfer Unit

Enclosures (7)

cc:   Brigadier General Menahem Haver, Embassy of Israel, Washington, D.C.

cc (without enclosures):
        Consulate General of Israel, New York, NY
        Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
        Gidon Abramov

&AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 14 2008 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT

| EASTERN | District of | NEW YORK |

UNITED STATES OF AMERICA
v.
GIDON ABRAMOV

## JUDGMENT IN A CRIMINAL CASE

Case Number:        04-CR-1041-02(SLT)

USM Number:        63359-053

John E. Tiffany, Esq. & Paul E. Warburgh, Esq.
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)   ONE (1) & SIX (6) OF THE TENTH SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(c) | RACKETEERING | 11/04/2004 | ONE (1) |
| 18 U.S.C. § 371 | CONSPIRACY TO TRANSPORT STOLEN GOODS IN FOREIGN COMMERCE | 11/04/2004 | SIX (6) |

        The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)     2 - 5 & 15 - 47     ☐ is   ☒ are   dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MARCH 5, 2008
Date of Imposition of Judgment

s/ SLT
Signature of Judge

SANDRA L. TOWNES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 12, 2008
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   6

DEFENDANT:   GIDON ABRAMOV
CASE NUMBER:   04-CR-1041-02(SLT)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

COUNT ONE:  TWENTY YEARS

COUNT SIX:  SIXTY MONTHS:
THE TERMS OF IMPRISONMENT ARE TO RUN CONSECUTIVELY.

✖ The court makes the following recommendations to the Bureau of Prisons:
 1) The defendant receive mental health treatment and treatment for substance abuse, while incarcerated.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at _____ ☐ a.m.  ☐ p.m.   on _____

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | | Judgment—Page __3__ of __6__ |

DEFENDANT:   GIDON ABRAMOV
CASE NUMBER:   04-CR-1041-02(SLT)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

> COUNT ONE: THREE YEARS
>
> COUNT SIX: THREE YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   Case 2:04-cr-01041-SLT   Document 396   Filed 03/14/08   Page 4 of 10 PageID #: 1249
Sheet 3C — Supervised Release

DEFENDANT:     GIDON ABRAMOV
CASE NUMBER:   04-CR-1041-02(SLT)

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant must comply with the order of restitution and forfeiture agreement.

2) The defendant must make full financial disclosure to the Probation Department.

3) The defendant shall participate in a mental health treatment program provided by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he/she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess her ability to pay.

4) The defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the Probation Department. The defendant shall pay the costs of such treatment/detoxification to the degree he/she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

5) The defendant shall submit his/her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted in a reasonable manner and at a reasonable time. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

6) If the defendant is deported, the defendant may not re-enter the United States illegally.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case   Document 396   Filed 03/14/08   Page 5 of 10 PageID #: 1250
Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 6 |
|---|---|---|

DEFENDANT:        GIDON ABRAMOV
CASE NUMBER:   04-CR-1041-02(SLT)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ 0 | $ 2,081,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

✘ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| John Doe #2 | 1,249,000.00 | 1,249,000.00 |  |
| John Doe #4 | 0.00 | 0.00 |  |
| John Doe # 10 | 32,000.00 | 32,000.00 |  |
| Michael Ashton Fine Jewelry | 800,000.00 | 800,000.00 |  |
| TOTALS | $ 2081000 | $ 2081000 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✘ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

✘ the interest requirement is waived for the   ☐ fine   ✘ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:       GIDON ABRAMOV
CASE NUMBER:    04-CR-1041-02(SLT)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☒   Lump sum payment of $ __200.00__ due immediately, balance due

    ☐   not later than _____ , or
    ☒   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

    The Defendant is ordered to pay restitution in the amount of $2,081,000.00 due immediately and to be paid at a rate of
    twenty five dollars per quarter while the defendant is in custody, and, at a rate of twenty-five percent of the Defendant's
    net disposable income while under supervision. Payments should be directed to the Clerk of Court, United States District
    Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.
    The defendant is further ordered to comply with the Order of Forfeiture, attached to this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

<u>Administration of the Sentence</u>

Name: Gidon Abramov

Sentence: 60 months

Starting date of Sentence: March 5, 2008

Jail time credit: 1217 days

Good conduct time earned as of March 6, 2020: 810 days

Full term release date: November 3, 2029
(Maximum sentence)

Projected release date if prisoner remains in the United States: August 15, 2026